NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0431n.06

No. 21-3075

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| FUSEINI SEIDU, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| MERRICK B. GARLAND, Attorney General, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**FILED**
Sep 15, 2021
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW OF
AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS

**OPINION**

Before: GUY, MOORE, and GIBBONS, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Fuseini Seidu petitions this court to review the decision of the Board of Immigration Appeals ("BIA") denying his application for cancellation of removal. For the reasons that follow, we **DENY** the petition for review.

## I. BACKGROUND

Seidu is a native and citizen of Ghana. A.R. 356 (Notice to Appear at 1). He was admitted to the United States on November 24, 1995, on a nonimmigrant visa with authorization to remain in the United States for up to six months. *Id.*

Seidu has two children who are United States citizens: a son, who was born on August 28, 2006, and a daughter, who was born on November 2, 2008. A.R. 206, 208 (Birth Certificates). The children live with Seidu's ex-wife, who is United States citizen and works full time as a registered nurse. A.R. 115 (Hr'g Tr. at 35). Seidu lives seven minutes from his children and visits them every few days or once a week. A.R. 113, 116 (Hr'g Tr. at 33, 36). Seidu's children attend

Catholic school. A.R. 116 (Hr'g Tr. at 36). Seidu testified that he provides informal child support of approximately $800 per month, some of which helps to pay for the children's private school tuition. A.R. 112 (Hr'g Tr. at 32).

On November 8, 2013, the Department of Homeland Security issued a Notice to Appear, charging Seidu as a removable alien. A.R. 356 (Notice to Appear at 1). At a hearing before the immigration judge ("IJ") on June 11, 2014, Seidu admitted the allegations in the notice to appear, as well as the charge of removal. A.R. 80 (Hr'g Tr. at 2). Seidu sought cancellation of removal, as well as adjustment of status, termination of the proceedings, voluntary departure, and prosecutorial discretion. A.R. 81 (Hr'g Tr. at 3).

On November 8, 2018, the IJ held a merits hearing on Seidu's cancellation of removal claim. A.R. 95–129 (Hr'g Tr.). Seidu testified on his own behalf. A.R. 104 (Hr'g Tr. at 24). The government stipulated that Seidu had been in the United States for at least ten consecutive years and that he did not have any disqualifying convictions. A.R. 103 (Hr'g Tr. at 23).

The IJ issued an oral decision that day finding that Seidu was not eligible for cancellation of removal because he did not demonstrate that his removal "would result in exceptional and extremely unusual hardship" to his children. A.R. 62 (Dec. at 3). Although the IJ found Seidu's testimony credible, the IJ nonetheless found that Seidu did not meet this standard because the hardship that would be caused by Seidu's removal "is not distinguishable from the hardship that all families in [Seidu's] family situation ordinarily experience." A.R. 62–63 (Dec. at 3–4). The IJ found that the children live with their mother, are doing well in school, and have no health issues or learning disabilities. A.R. 63 (Dec. at 4). The IJ also found that Seidu has not provided any evidence corroborating his testimony that he financially supports his children and that he has not

shown that his children's mother would be unable to meet their needs if Seidu were removed. *Id.* Although the family may suffer from a loss of income if Seidu were removed, the IJ found that Seidu failed to show that he would be unable to find any employment in Ghana. *Id.*

Seidu appealed the IJ's order to the BIA. On December 28, 2020, the BIA affirmed, without opinion, the IJ's decision. A.R. 3 (BIA Order). Seidu filed a timely petition for review in this court.

## II. CANCELLATION OF REMOVAL

"Where the BIA adopts the IJ's reasoning, the court reviews the IJ's decision directly to determine whether the decision of the BIA should be upheld on appeal." *Gilaj v. Gonzales*, 408 F.3d 275, 282–83 (6th Cir. 2005). "[W]e have jurisdiction to review the Board's ultimate hardship conclusion" because it "resolves a mixed question about whether the facts found by the immigration judge rise to the level of hardship required by the legal test." *Singh v. Rosen*, 984 F.3d 1142, 1150 (6th Cir. 2021). Although "our review of the conclusion likely should be deferential," *id.* at 1154, this court has not yet determined what standard of review applies in this type of case. *Id.*; *see also Araujo-Padilla v. Garland*, 854 F. App'x 646, 649 (6th Cir. 2021). Because the standard of review does not affect the outcome of this case, we do not now decide that question.

To meet the standard for cancellation of removal, a person must show: (A) that they have been "physically present in the United States for a continuous period of not less than 10 years"; (B) that they have been "a person of good moral character"; (C) that they have not been convicted of an enumerated offense; and (D) that "removal would result in exceptional and extremely unusual

hardship" to a spouse, parent, or child who is a citizen or a lawful permanent resident. 8 U.S.C. § 1229b(b)(1).

The only disputed issue in this case is whether Seidu's removal "would result in exceptional and extremely unusual hardship" to his children, who are United States citizens. *Id.* § 1229b(b)(1)(D). The BIA's standard, which Seidu does not dispute, requires Seidu to "provide evidence of harm to his spouse, parent, or child *substantially* beyond that which ordinarily would be expected to result" from a person's removal. *Araujo-Padilla*, 854 F. App'x at 649 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (B.I.A. 2001)). The board must consider "all of the circumstances, including the 'ages, health, and circumstances' of qualifying relatives." *Singh*, 984 F.3d at 1154 (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63).

First, Seidu argues that his children will suffer because he will not be able to support them financially if he were removed to Ghana. However, the IJ found that Seidu failed to show that the children's mother would be unable to meet the children's needs if Seidu were removed. A.R. 63 (Dec. at 4). We lack jurisdiction to review this finding of fact. *Singh*, 984 F.3d at 1155.

Seidu also argues that his children will suffer hardship because they will no longer be able to attend private school. However, "diminished options" for schooling such as these do not constitute alone an exceptional and unusual hardship. *Id.* at 1154–55.

Seidu argues that his children will suffer hardship because they will lose their relationship with their father and will be unable to visit him. Unfortunately, separation is not "exceptional and extremely unusual" hardship in removal cases. 8 U.S.C. § 1229b(b)(1)(D). As a result, we will not set aside the IJ's decision that Seidu is ineligible for cancellation of removal.

## III. CONCLUSION

For the foregoing reasons we **DENY** the petition for review.